**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

LEVELL RICKS,

:

    Petitioner,                              Case No. 1:10-cv-430

:         District Judge Michael R. Barrett

   -vs-                                    Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,

:

    Respondent.

---

**REPORT AND RECOMMENDATIONS**

---

      Petitioner Levell Ricks brought this habeas corpus case *pro se* to obtain release from his imprisonment in Respondent's custody. Mr. Ricks was convicted in the Hamilton County Common Pleas Court of murder, felonious assault, and having weapons under disability. He pleads three grounds for relief:

> **GROUND ONE:** Petitioner was denied effective assistance of counsel in violation of his constitutional rights thus prejudicing his right to a fair trial.
>
> **GROUND TWO:** The evidence was insufficient as a matter of law and or against the manifest weight of the evidence to sustain petitioner's convictions for murder, felonious assault and having weapons while under disability.
>
> **GROUND THREE:** The trial court erred by not binding the petitioner over for voluntary manslaughter with having a weapon under disability.

(Petition, Doc. No. 6-1, PageID 146.) He also claims, without setting it out as a separate ground for relief, that his appellate counsel was ineffective because he failed to raise "a lot of the above and below listed foregoing issues on direct appeal [including] an instruction to the jury on the lesser included offense of voluntary manslaughter with having a weapon under disability." *Id.*

## Procedural History

Mr. Ricks was indicted by the Hamilton County grand jury on two counts of murder with firearm specifications, two counts of felonious assault, also with firearm specifications, and one count of having weapons under disability. After conviction on all counts by a jury, Mr. Ricks was sentenced to twenty-three years to life imprisonment.

With new counsel, he appealed to the First District Court of Appeals, raising the following assignments of error:

> 1. Appellant was denied effective assistance of counsel in violation of his constitutional rights thus prejudicing his right to a fair trial.
>
> 2. The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain Appellant's convictions for murder, felonious assault and having weapons under disability.

(Brief, Exhibit 7 to Return of Writ, Doc. No. 14.) The Court of Appeals affirmed the conviction. *State v. Ricks*, No. C-080362 (Ohio App. 1st Dist. Jul 8, 2009)(unreported; copy at PageID 49-55).

Mr. Ricks appealed *pro se* to the Ohio Supreme Court, setting forth the following propositions of law:

> 1. Trial counsel provides constitutionally ineffective assistance in failing to file a motion to suppress Appellant's statement, for failing to question whether either of the State's "eyewitnesses" had given

-2-

>grand jury testimony, for failing to properly cross examine Dr. Ugwu, and for calling appellant as a witness at trial. Sixth and Fourteenth Amendments to the United States Constitution; Section 10, Article I of the Ohio Constitution; *Strickland v. Washington* (1984), 466 U.S. 688.
>
>2. The evidence was insufficient as a matter of law to sustain Appellant's convictions for murder, felonious assault, and having weapons under disability. Fourteenth Amendment to the United States Constitution; *In re Winship* (1970), 397 U.S. 358.

(Memorandum in Support of Jurisdiction, Exhibit 11 to Return of Writ, Dco. No. 14.) The Ohio Supreme Court declined to exercise jurisdiction and Mr. Ricks then filed the instant Petition for Writ of Habeas Corpus.

### Ground One

In his first ground for relief, Mr. Ricks asserts he received ineffective assistance of trial counsel. A claim of ineffective assistance of trial counsel was presented to and decided by the First District Court of Appeals on the merits as follows:

>In his first assignment of error, Ricks argues that his trial counsel was ineffective by (1) failing to file a motion to suppress Ricks's confession to the police; (2) failing to question whether either of the state's eyewitnesses had given grand-jury testimony; (3) failing to properly cross-examine Dr. Ugwu; and (4) permitting Ricks to testify.
>
>To prevail on an ineffective assistance claim, Ricks "must show that [his] trial counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington* (1984), 466 U.S. 668, and that he was prejudiced by counsel's deficient performance. *Id.* at 687. Prejudice is demonstrated by showing that, but for the deficiencies in performance, the result of the proceeding would have been different. *Id.* at 694. Ricks must also overcome the presumption that defense counsel's performance constituted sound

> trial strategy. *State v. Bond* (Oct. 29, 2009), 1st Dist. No. C-990195.
>
> Ricks maintains that trial counsel should have moved to suppress his confession, but Ricks has not demonstrated how the trial court would have granted such a motion. Ricks voluntarily turned himself in, and signed a waiver-of-rights form, and there is no evidence in the record, despite Ricks's testimony about his confession, to support a finding that the police had overcome Ricks' will. (citation omitted) Given that there was no basis for the trial court to have suppressed the confession, we cannot say that trial counsel's failure to file a motion to suppress was deficient.
>
> Next, we hold that trial counsel's failure to question whether the eyewitnesses had given grand-jury testimony was not ineffective assistance. Regardless of whether trial counsel should have asked for grand-jury testimony, Ricks has not demonstrated that the outcome of his trial would have been any different even if he had had access to the grand-jury testimony.
>
> We also hold that trial counsel's cross-examination of Dr. Ugwu was proper and did not constitute ineffective assistance. Ricks argues that his trial counsel should have pointed out on cross-examination that Ricks could not have caused Oldham's gunshot wounds in light of Dr. Ugwu's testimony that the shooter must have been "generally to the left of the victim." (Ricks had been sitting to the right of Oldham.) Regardless of whether trial counsel should have pointed that fact out during the cross-examination, the record reflects that trial counsel made this argument during his closing. Under these circumstances, Ricks cannot demonstrate any prejudice.
>
> Finally, Ricks argues that his trial counsel was ineffective by permitting him to testify at trial. But Ricks has not overcome the presumption that this was sound trial strategy given that Ricks was maintaining his innocence despite his confession.
>
> Because the record does not support Ricks's claim of ineffective assistance of counsel, we overrule his first assignment of error.

*State v. Ricks, supra,* PageID 275-277.

The claims of ineffective assistance of trial counsel made in the Petition are

1. Ricks was under the influence of marijuana at the time of the shooting, which would have

-4-

negated the specific intent to kill. However, his attorney did not raise this matter. (Petition, Doc. No. 6-1, PageID 118.)

2. Ricks acted in self-defense, but his attorney did not raise that defense. *Id.* at PageID 118, 121, 136.

3. The victim, Mr. Oldham, was under the influence of drugs. *Id.* at PageID 136.

4. His trial attorney advised Ricks that this was a case of voluntary manslaughter with having a weapon under disability, but trial counsel never asked for a jury instruction on voluntary manslaughter. *Id.* at PageID 144-145.

5. Trial counsel was ineffective for calling him to testify. *Id.* PageID 144.

These five assertions of ineffective assistance of trial counsel are referred to hereinafter as Sub-claims 1 through 5.

### Sub-Claim 1

The assertion that Mr. Ricks was under the influence of marijuana at the time of the shooting is not a fact which appears of record. An Ohio criminal defendant who relies on facts outside the record on appeal for a claim of ineffective assistance of trial counsel must raise that claim in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Mr. Ricks has never filed such a petition. That method of obtaining relief is no longer available to Petitioner because Ohio has adopted a time limit on such petitions of 180 days after the trial transcript is filed in the court of appeals on direct appeal. Ohio Revised Code § 2953.21(A)(1)(b)(2). Since the Court of Appeals rendered its decision over two years ago, the time for filing such a petition has long since passed.

The procedural default defense in habeas corpus is described by the Supreme Court as

follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

Because Mr. Ricks procedurally defaulted on Sub-claim 1 by not presenting it as part of a petition for post-conviction relief within the time allowed by Ohio law, this Court cannot consider it on the merits.

**Sub-Claim 2**

Sub-claim 2, the failure to defense counsel to raise self-defense, is a claim which could have been raised on direct appeal because it depends on facts on the record, but was not. Under Ohio law, a claim which could have been but was not raised on direct appeal is procedurally defaulted and cannot be raised in a post-conviction petition. *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967). The Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112, 443 N.E. 2d 169 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16, 423 N.E. 2d 1068 (1981). The rule is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F. 3rd 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).

Mr. Ricks attempted to excuse the failure to raise this claim on direct appeal by claiming his appellate attorney rendered ineffective assistance of appellate counsel. While ineffective assistance of appellate counsel will excuse failure to raise meritorious issues on direct appeal, the claim of ineffective assistance of appellate counsel must first be presented to the state courts. *Edwards v. Carpenter,* 529 U.S. 446 (2000). Ohio has a procedure for raising such claims by way of an application to reopen the appeal under Ohio R. App. P. 26(B), but Mr. Ricks has never filed such an application and the time to do so has long since expired.

Because Mr. Ricks failed to raise Sub-claim 2 on direct appeal, it is also procedurally defaulted.

**Sub-Claim 3**

In Sub-claim 3, Mr. Ricks asserts his counsel was ineffective for not submitting evidence that the victim was under the influence of marijuana. This sub-claim is barred on the same basis as Sub-claim 1. Moreover, the fact would have been irrelevant to the case and it would have been improper to raise it.

### Sub-claim 4

Sub-claim 4, failure to request an instruction on voluntary manslaughter, is barred on the same basis as Sub-claim 2: the failure would have been apparent on the face of the record and therefore could have been raised on direct appeal, but was not.

### Sub-claim 5

In his fifth sub-claim of ineffective assistance of trial counsel, Mr. Ricks asserts his counsel was ineffective for putting him on the witness stand. This is the sole sub-claim of ineffective assistance of trial counsel decided by the First District Court of Appeals.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000).

The Court of Appeals dealt with this claim rather summarily. Its opinion notes that Mr.

Ricks was maintaining his innocence at trial but had made a confession admitting the shooting. Essentially, the Court of Appeals decision asks the rhetorical question how Mr. Ricks could claim innocence and avoid the impact of his confession if he did not testify. The Petition provides no good answer to that question. Therefore the decision of the Court of Appeals is not an objectively unreasonable application of *Strickland v. Washington, supra,* and is entitled to deference from this Court.

### Ground Two

In Ground Two Mr. Ricks claims his convictions are against the manifest weight of the evidence and/or based on insufficient evidence.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*;Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). The manifest weight claim is not cognizable in habeas corpus because there is no federal constitutional right to insist on having one's conviction supported by the manifest weight of the evidence.

In *State v. Thompkins,* 78 Ohio St. 3d 380, 678 N.E. 2d 541 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the  manifest weight of the evidence. It held:

> In essence, sufficiency is a test of adequacy. Whether the evidence
> is legally sufficient to sustain a verdict is a question of law. *State v.*
> *Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.
> In addition, a conviction based on legally insufficient evidence

> constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172, 485 N.E. 2d 717 (Hamilton Cty. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its

-10-

> way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, ¶3 of the syllabus.

While this Court cannot review the state courts' decision on the manifest weight question, it can review the insufficient evidence claim. An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.... This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was adopted as a matter of Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), a federal habeas court must give two levels of deference to state

decisions on sufficiency claims.

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. Ohio 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

In deciding the cognate assignment of error, the Court of Appeals held:

> In his second assignment of error. Ricks contests the sufficiency and weight of the evidence underlying his convictions. First, Ricks maintains that the state failed to prove that Ricks was the perpetrator of the underlying offenses. Ricks argues that the eyewitness testimony differed. Despite minor variances in the testimony, such as Stanton testifying that when Ricks was fleeing he had his gun tucked in his waistband while Hunter testified that the gun was in his hand, we note that both witnesses, who knew Ricks, saw him fire his gun at least two times at Oldham. After viewing the evidence in a light

> most favorable to the state, as we are required to do on a sufficiency claim, we hold that the eyewitnesses' testimony, in addition to Ricks' confession, was sufficient to prove that Ricks was the perpetrator of the underlying offenses. Further, we hold that the jury did not lose its way and create a manifest miscarriage of justice by finding Ricks guilty. Although Ricks argues that he could not have caused Oldham's gunshot wounds because he was to the right of Oldham, the state presented evidence that Oldham, in an attempt to escape, had climbed to the back seat of his SUV over the console between the two front seats, exposing his left side. The fact that Oldham ended up in the back seat of his SUV was supported by Ricks's confession, and by the large amount of blood found in the rear passenger area in contrast to the very small amount of blood found on the console between the two front seats.
>
> Accordingly, we overrule the second assignment of error.

*State v. Ricks, supra,* PageID 277-278.

This opinion is an objectively reasonable application of *Jackson v. Virginia* and is therefore entitled to deference from this Court. Petitioner's second ground for relief is without merit.

### Ground Three

In Ground Three Petitioner claims he should not have been bound over on a murder charge, but rather voluntary manslaughter with having a weapon under disability.

Since Petitioner was an adult at the time of the trial, the Court assumes he is referring to the bindover from Hamilton County Municipal Court to the Common Pleas Court. In any event, the bindover is irrelevant at this time since it was superseded by the indictment.

In his conclusion to the Petition, Mr. Ricks asks this Court to find him guilty of the lesser offense of voluntary manslaughter with a weapon under disability. This the Court cannot do. First of all, having a weapon under disability is a separate crime from the firearm specifications attached

to the murder and felonious assault charges. Secondly, a federal habeas court does not sit as a sort-of super grand jury and state supreme court with the power to decide what the "real" crime was. Even if the charge of voluntary manslaughter "best fits" the facts of this case, that was something which should have been discussed in plea negotiations. As the Court of Appeals noted, however, Petitioner was maintaining his innocence. Under the American system of criminal justice, a person cannot insist on going to trial claiming innocence and then upset a jury verdict by asking a federal court to impose the "right" conviction.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the privilege of appealing *in forma pauperis*.

August 25, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Ricks Habeas R&R.wpd